PAN AMERICAN IMPORT CORP.
M. H. Garvey Company
v.
UNITED STATES.
A.R.D. 248; Reappraisement R63/6901 and 12 others.

United States Customs Court, Third Division, Appellate Term.
Nov. 25, 1968.

Walter E. Doherty, Jr., Boston, Mass., for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., (Arthur H. Steinberg and Glenn E. Harris, New York City, trial attorneys), for appellee.

Before RICHARDSON and LANDIS, Judges.

LANDIS, Judge:

This is an application to review the decision and judgment of the trial judge

sitting in reappraisement in Pan American Import Corp. and M. H. Garvey Company v. United States, 58 Cust.Ct. 608, R.D. 11269, holding that export value was the proper basis for the determination of value of certain spinning (fishing) reels imported from Japan, that plaintiffs had failed to establish a value for the merchandise other than the appraised value, and that the export values of the merchandise were the appraised values.

■ This application for review again raises issue as to the *quantum* of proof required of a plaintiff in a reappraisement case who has challenged certain inland charges included in a so-called "separable" appraisement made at invoice unit prices, plus charges. The essence of the separability rule here involved is that plaintiffs may rely on the presumption that the appraiser's return is correct as to all statutory elements of the appraisement except as to controverted items. Haddad & Sons, Inc. v. United States, 54 Cust.Ct. 600, Reap.Dec. 10942, affirmed Id. v. Id., 56 Cust.Ct. 792, A.R.D. 205. The decision of the trial judge discussed the rule but held that "[n]evertheless, the burden still rests upon plaintiffs to establish that the merchandise is freely sold to all purchasers at prices which do not include the disputed charges." Pan American Import Corp. and M. H. Garvey Company v. United States, supra. Appellants charge that, to so hold was error. We here reexamine the rule and its application to the facts of record.

The decision below involved 13 appeals for reappraisement, consolidated for trial, the invoiced merchandise consisting of spinning (fishing) reels exported from Japan between October 1962 and March 1963.

The trial judge found that these appeals were limited to spinning reels, designated on the invoice as No. B–268 (should be R–268); that the reels were appraised on the basis of export value, section 402(b), infra, at the ex-factory

invoice unit price, plus 1.9 percent packing, plus inland charges designated "X" (inland freight, insurance, hauling, lighterage, and storage), and that spinning reels are not on the final list published by the Secretary of the Treasury, 93 Treas.Dec. 14, T.D. 54521. (The final list designates articles for appraisement at the old section 402 valuation basis prior to 1956 amendment.) He concluded that the valuation basis proper for the spinning reels was export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas.Dec. 295, T.D. 54165. Those findings and that conclusion are not in issue in this review.

The issue in all these appeals, basic to our consideration of the separability rule, is appellants' claim that the ex-factory price, without the charges, rather than the appraised values, with the charges, as held below, represents the export value of the spinning reels.

We find, as the trial judge implicitly did in his opinion decision, that the appraisements in these appeals are separable. They are in the classic form long recognized as separable, most recently, by our appeals court, in United States v. Chadwick-Miller Importers, Inc. et al., 54 CCPA 93, C.A.D. 914, decided May 11, 1967.

Of late, appellee (defendant below) has relentlessly fought the separability rule as inapplicable to appraisements at invoice unit prices, plus charges. It has continued the fight into this case, arguing that the particular form of appraisement, at ex-factory invoice unit prices, plus charges, is not separable because additions, when made in an appraisement, merge into the basic appraised units to form a single, presumptively correct, appraised value, unassailable as to any alleged part. The force of that argument would, of course, greatly reduce the strength of the separability rule which allows a complaining party to rely on the presumptive correctness of all statutory

elements in the appraisement, save as to a controverted item part manifest in the appraisement. It would, in effect, require proofs of all the statutory elements of the appraised and claimed ex-factory invoice unit price. The element of proof most constantly urged in opposition to the rule, is proof that the claimed ex-factory price is the selling price or freely offered price to all purchasers.

As this and the cases cited in the decision below illustrate, defendant-appellee has had some success. See also decisions of this court in Paul Morris v. United States, 57 Cust.Ct. 585, R.D. 11207; Renee Antiques, Inc., et al. v. United States, 56 Cust.Ct. 646, Reap.Dec. 11151; B & W Wholesale Co., Inc. v. United States, 58 Cust.Ct. 728, R.D. 11311 (review pending); Hub Floral Manufacturing Company v. United States, 59 Cust. Ct. 627, R.D. 11349 (review pending). Contra United States v. Bud Berman Sportswear, Inc., 57 Cust.Ct. 733, A.R.D. 211, affirmed 55 CCPA 28, C.A.D. 929. On the most recent authority of our court of appeals, that success may not continue. United States v. Bud Berman Sportswear, Inc., 55 CCPA 28, C.A.D. 929; United States v. Chadwick-Miller Importers, Inc., et al., 54 CCPA 93, C.A.D. 914.

As our court of appeals said in *Bud Berman*, supra, the separability rule is a "framework of convenience for the analysis of disputed appraisements". The decision below, which we here review, held however that, under the separability rule plaintiff still had to establish that the merchandise was freely sold to all purchasers at ex-factory prices which did not include the disputed charges. In the light of United States v. Chadwick-Miller, supra, we must conclude it was error to so hold. For there the court of appeals squarely held that "[a]lthough there is no evidence to show that other purchasers could have bought the merchandise at the same ex-factory prices paid by them [plaintiffs], there need not have been such evidence, in view of the separability rule." [United States v. Chadwick-Miller Importers, Inc., et al., supra, at page 95.]

While the decision below, in our judgment, was contrary to *Chadwick-Miller*, whether it must be reversed depends on the proofs of record. Those proofs consist of two affidavits executed before American Vice Consuls in Japan.

The first affidavit (exhibit 1), dated November 15, 1965, bears the signature Torayuki Fukunaga under the typed name of Arrow International, Ltd. We are inclined to agree with the trial judge that the affidavit is not entitled to much weight, for the reason that the affiant does not tell us who he is, vis-á-vis Arrow International, Ltd., or how he knows the facts whereof he speaks. Minimally, one who speaks in an affidavit must show some qualifications to state the facts, no less than he would were he a witness testifying on trial. Defendant-appellee, just the same, concedes that Arrow International, Ltd., is the buying agent of the importer, Pan American Import Corp., as reflected in the official papers.

The second affidavit (exhibit 2), dated November 10, 1965, is that of H. Tsuda who identifies himself as president of K. K. Tsuda, Tokei Seizosho, Nagoya, Japan (apparently the Japanese name of the company which manufactured the spinning reels in these appeals). He states that between September 1962 and March 1963 his company sold and delivered to Arrow International, Ltd., spinning reels at an ex-factory unit price of 313.20 yen which included all packing charges at the factory; that, in the same period, it never sold such merchandise on an f. o. b. basis, and that the ex-factory price did not include any charge for inland freight, insurance, hauling, lighterage, and storage. A copy of the Tsuda confirmation order to Arrow International, Ltd., dated September 8, 1962, specifying an ex-factory price of 313.20 yen for 25,000 pieces of R–268 spinning reels, is attached to the affidavit. Also attached is a certification addressed to the United States Customs, referring to

Arrow International, Ltd., shipments of Tsuda item No. R–268 spinning reels by date, vessel and quantity, substantially the same as the dates, vessels, and quantities recited in the various entries of these appeals, certifying that the ex-factory price of the spinning reels included packing charges.

The decision below was to the effect that Tsuda's affidavit did not establish that the reels were freely sold or offered for sale to all purchasers at the ex-factory prices. However, the appraisements in these appeals at ex-factory unit invoice prices, plus charges, are separable, and under the separability rule, as we read United States v. Chadwick-Miller, there was no need to prove the correctness of the constituent section 402(b) statutory elements of the uncontroverted appraised ex-factory invoice unit price. An appraised ex-factory invoice unit price is presumptively correct as to *all statutory elements of that part of the appraised value* under section 402(b), and not merely as to some of the statutory elements. Where appraised values are separable into identifiable parts, each part, as we have discussed the separability rule, presumptively carries in it all the statutory elements of the particular basis of valuation, 28 U.S.C. section 2633.

We find that the manufacturer's affidavit (exhibit 2) *prima facie* establishes that these spinning reels were sold to Pan American Import Corp. at an ex-factory invoice unit price, net packed, without the item packing and inland charges added in appraisement. Since that is a fact, undisputed of record, we can no longer presume, with the appraisement, that these reels were sold at a price which included packing and inland charges. Kurt Orban Company, Inc. v. United States, 52 CCPA 20, C.A.D. 851.

We find as facts:

1. That the merchandise of these appeals for reappraisement consists of spinning (fishing) reels, invoice item No. R–268, exported from Japan between October 1962 and March 1963.

2. That the merchandise is not included on the final list published by the Secretary of the Treasury, T.D. 54521.

3. That the item No. R–268 spinning reels were appraised on basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at the invoice unit price, plus 1.9 percent packing, plus items designated on the invoice as "Inland freight," "Inland transit ins. premium," "Hauling & Lighterages," and "Storages," marked "X".

4. That the item No. R–268 spinning reels were purchased from the manufacturer by Arrow International, Ltd., Kobe, Japan, as buying agent for Pan American Import Corp., at an ex-factory unit price, net packed, exclusive of the inland charges represented by the items marked "X" on the invoices of the entries in these appeals, referred to in finding 3.

We conclude:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the item R–268 spinning reels covered by these appeals.

2. That the appraisement of item R–268 spinning reels at the invoice unit price, plus 1.9 percent packing, plus items marked "X" on the invoice is separable and that the uncontested ex-factory invoice unit price is presumptively correct.

3. That the ex-factory invoice unit price, net packed, exclusive of the inland charges represented by the items marked "X" on the invoices, is the export value of the item R–268 spinning (fishing) reels herein involved.

The judgment below, as to the export value of item No. R–268 spinning (fishing) reels covered by these appeals for reappraisement, is reversed.

Judgment will be entered accordingly.