(C.R.D. 72–1)

UNIVERSAL AMERICAN CORP. ET AL. *v.* UNITED STATES

(Dated January 12, 1972)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiffs.

*L. Patrick Gray, III,* Assistant Attorney General (*John A. Gussow,* trial attorney), for the defendant.

RAO, Judge: The instant cases were suspended under R63/6901, in which decision became final on November 12, 1970. *Pan American Import Corp., et al.* v. *United States,* 58 Cust. Ct. 608, R.D. 11269 (1967), reversed, 61 Cust. Ct. 619, A.R.D. 248 (1968), reversed *sub nom., United States* v. *Pan American Import Corp., et al.,* 57 CCPA 134, C.A.D. 993, 428 F.2d 848 (1970). Thereafter, direction was given to the clerk of the court pursuant to Rule 14.8(c) that these cases might remain in the suspension disposition file no later than October 15, 1971.

Rule 14.8 of the rules of this court provides:

(a) **Transfer to Suspension Disposition File:** When an action is finally determined, dismissed or discontinued, any actions which have been suspended thereunder shall be transferred to a suspension disposition file.

(b) **Removal from Suspension Disposition File:** An action may be removed from the suspension disposition file: (1) upon

349

the filing of a complaint pursuant to Rule 4.4; or (2) upon the granting of a motion for consolidation pursuant to Rule 10.3 or for suspension pursuant to Rule 14.7(b); or (3) upon submission of the action to the court for decision upon an agreed statement of facts pursuant to Rule 8.1.

**(c) Dismissal for Lack of Prosecution:** An action which is not removed from the suspension disposition file within a fixed period of time shall be dismissed for lack of prosecution, and the clerk shall enter an order of dismissal without further direction of the court. The period of time, not to exceed 18 months, within which an action may remain in the suspension disposition file, shall be fixed by the judge to whom the action has been assigned, or by the judge who decided the action under which the actions transferred to the suspension disposition file were suspended.

**(d) Notice to Remove:** The applicable fixed period of time within which an action may remain in the suspension disposition file shall begin to run from the day the clerk sends notice to the parties informing them of the date when the action will be dismissed in accordance with paragraph (c) of this rule unless removed from the suspension disposition file before such date.

**(e) Motion for Extension of Time:** For good cause shown, the court may, upon motion, order an extension of the time, beyond the applicable fixed period of time, within which an action may remain in the suspension disposition file.

On October 14, 1971, plaintiffs herein filed motions for orders enlarging the time for these actions to remain in the suspension disposition file to April 15, 1972 on the ground that a new test case was being prepared. A memorandum in opposition was filed on October 27th. In accordance with Rule 4.12(c)(1) and Rule 3.6(c), plaintiffs had until November 18th to reply. However, on November 11th, the clerk of the court, in view of Rule 14.8(c), *supra*, entered an order of dismissal without further direction of the court and without calling the court's attention to the pendency of the motions.

Plaintiffs then filed a motion to set aside the dismissals and enlarge the time within which these actions may remain in the suspension disposition file to and including April 15, 1972.

Plaintiffs contend that the automatic dismissals by the clerk while the motions for enlargement of time addressed to the court were pending were improper and a clear manifestation of an injustice to the plaintiffs.

Defendant argues that since plaintiffs did not file the motions for enlargement of time sufficiently in advance of October 15th so as to achieve an order of the court by the removal date, the dismissals were proper and could have been anticipated.

While Rule 14.8(e), *supra*, does not set a time within which the motion for an extension of time must be made, the general rule on enlargement of time, Rule 3.6(b), provides that a motion therefor must be filed within the period allowed for the performance of the act. Reading these rules together, it appears that the motions for extensions of time in these cases were timely filed.

As pointed out in plaintiffs' reply memorandum, it would be difficult, if not impossible, for plaintiffs to move for enlargement of time sufficiently in advance for an order to be entered before the date fixed for automatic dismissals for failure to remove from a suspension disposition file. Under the rule pertaining to motion practice, Rule 4.12 (c), and under Rule 3.6(c), defendant has 15 or 22 days in which to respond to a motion and plaintiffs 15 to 22 days thereafter in which to reply, depending upon whether service is made personally or by mail. Requests for additional time might be made, and the court must be allowed time in which to consider the motion. Thus, to protect their rights, plaintiffs would have to move for an extension of time several months before the expiration of the removal period, even though by that date, the matter might become moot. Thus, the construction contented for by defendant would result in burdening both plaintiffs and the court with unnecessary paper work.

Neither Rule 3.6(b) nor Rule 14.8(e) provide for a stay during the pendency of a motion. While Rule 14.8 is aimed at removing cases from the suspension disposition file and disposing of them expeditiously, the ends of justice must also be served and plaintiffs given an opportunity to present their case to the court. Since the rule provides for a motion for enlargement of time, which may be filed at any time before the removal date, orderly procedure requires that an automatic dismissal by the clerk of the court should not take place until a judge has acted upon the motion.

In the instant case, plaintiffs did not apply for a stay nor did they mention in their motion papers that the period of time during which the cases might remain in the suspension disposition file expired the day after the date of the motion. In view of the proximate expiration date and the automatic dismissal provisions of Rule 14.8(c), plaintiffs might well have applied to the court for an order to show cause why a stay should not be granted pending the motion. Although there is no specific provision in the rules for this procedure, the situation presented here is one in which, there being no applicable rule, the judge may prescribe one. (Rule 1.1(b).)

Defendant claims further that plaintiffs' motion for enlargement of time does not demonstrate "good cause" within the meaning of Rule 14.8(e). The motion papers state that a new test case involving a common issue, the amount of freely offered discount in sales of ball

bearings in Japan, is being prepared, and that it is anticipated that the instant actions will be suspensible, and will be suspended thereunder within the requested extended period of time. No information has been given as to the identity or present status of the alleged test case. The actions involved herein could not be suspended under it until trial has been commenced or the case submitted for decision. (Rule 14.7(a).) While plaintiffs apparently anticipate that trial of the test case will have commenced by April 15, 1972, the court has not been given any data in support of that position. Specific facts should have been stated.

Nevertheless, in view of the interests of justice, plaintiffs' motion for an order setting aside the dismissals will be granted and the plaintiffs given until February 1, 1972 to have the actions removed from the suspension disposition file pursuant to Rule 14.8(b) either upon filing a complaint pursuant to Rule 4.4, or upon the granting of a motion for consolidation pursuant to Rule 10.3 or for suspension pursuant to Rule 14.7(b), or upon submission upon an agreed statement of facts pursuant to Rule 8.1.

No further extension of time for remaining in the suspension disposition file will be granted unless a full and sufficient statement of the reasons therefor is given and the status of both the alleged new test case and that of the instant actions is shown.