**H. M. YOUNG ASSOCIATES, INC.**

v.

**UNITED STATES.**

C.D. 4388;  Port of New York, Court No. R65/12412 on Fabrics of Special Construction (Waistband Elastics).

United States Customs Court.

Oct. 27, 1972.

Wildman, Harrold, Allen & Dixon, Chicago, Ill. (Lawrence J. West, Chicago, Ill., of counsel), Rode & Qualey, New York City (William E. Melahn and Ellsworth F. Qualey, New York City, of counsel), associate counsel, for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen., Bernard J. Babb, New York City, trial attorney, for defendant.

*On Motion and Cross-Motion for Summary Judgment*

RICHARDSON, Judge:

The merchandise of this case described on the special customs invoice as "Cotton Tissues (Waistband-Elastic)", was exported from West Germany in April, 1965, and appraised upon entry at the port of New York at 98 cents per

yard on the basis of constructed value as defined in 19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956).[1] It is alleged in the complaint herein that the merchandise should be appraised under the same basis of value at 62 cents per yard, the difference of some 36 cents representing additions to the entered unit value for royalty and trademark certification payments which constitute no part of the constructed value of the merchandise.

Plaintiff has moved under rule 8.2 for summary judgment; and defendant has cross-moved under that rule for the same relief, both parties being of the belief that no triable factual issue remains in the case.

In the pleadings it is conceded, among other things, that constructed value under section 1401a(d) is the proper basis for determination of the value of the merchandise the subject of this action, and that the instant merchandise and parties are the *same* as the merchandise and parties in H. M. Young Associates, Inc. v. United States, 64 Cust.Ct. 642, R.D. 11695 (1970), application for review dismissed October 29, 1970 (4 Cust.Bull., No. 47, p. 80, November 25, 1970), wherein the reappraising court held that amounts for royalty and trademark certification payments totalling 36 cents which had been added to the invoice unit value of U.S. $0.62 per yard, packed, in the appraisement of the mer-

chandise under the constructed value basis formed no part of the constructed value of the merchandise.

In issue under the pleadings at bar are paragraphs of the complaint numbered eighth, ninth, and thirteenth which read:

*Eighth*: That on information and belief, said appraisement was made by adding amounts for royalty and trademark certification payments totalling 36 cents to the entered unit value of U.S. $0.62 per yard packed;

*Ninth*: That said appraisement is in error, in that charges for royalty and trademark certification payments are not part of the dutiable value of the subject merchandise;

\* \* \* \* \* \*

*Thirteenth*: That the issues involved herein are the same in all material respects to the issues in H. M. Young Associates, Inc. v. United States, 64 Cust.Ct. 642, R.D. 11695 (1970).

Plaintiff takes the position that there is no issue respecting these allegations of the complaint. And an examination of the record before the court sustains that view, even though the defendant persistently refused in its answer and amended answer to concede paragraph Eighth of plaintiff's pleading, and only did so in its cross-motion for summary judgment after plaintiff brought it out by interrogatories, deposition and affidavit from employees of defendant.

---

1. Section 1401a(d) reads:

(d) For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the pro-

duction of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

In R.D. 11695 the trial court observed on rehearing (page 644):

At the second trial, plaintiff called Thomas F. Sweeney, import specialist, who testified as follows: In the course of his duties he examines, classifies, and values elastic fabrics of the kind in issue. As the line examiner, he is ordinarily responsible for the appraisement of this type of merchandise. In this case he instructed the examiner at the airport as to the basis on which he was to make appraisement. The invoice price on each invoice was 62 cents per yard and the merchandise was appraised at 98 cents per yard on the basis of constructed value. Mr. Sweeney said that at the time he made his appraisement he had received copies of a patent royalty agreement and a certification mark agreement by which Jaymar-Ruby, Inc. was to pay to the licensors 24 cents a yard as a royalty for the elastic used in the manufacture of slacks and 12 cents per yard for use of a certification mark known as NB. In arriving at the appraised value, he added to the invoice unit price 24 cents representing the patent royalty payment, and 12 cents representing the certification mark payment. He did not allocate these amounts to any particular element of constructed value and made no breakdown of the invoice value of 62 cents. The report of value was adopted by the appraiser.

On the instant motion plaintiff introduced the following questions and answers, among others, from the deposition of the said import specialist, Thomas F. Sweeney, taken in this action:

Q. Do you know whether or not an amount for royalty was included in the appraisement of this entry? A. Since I didn't make the appraisement I don't know what he included here.

Q. Was the appraisement made under your general instructions? A. Yes.

Q. Do you now testify that you don't know what was included in the appraisement? A. I don't know what was in Kasday's mind when he put the figure down.

Q. What is the figure? A. Ninety-eight cents per yard, net packed.

Q. What is the invoice unit? A. Sixty-two cents, F.O.B.

Q. What were your instructions to the airport examiners? A. That the invoice value did not necessarily represent the full value of the merchandise.

Q. How did you instruct them to appraise? A. We had information that certain of the payments were made in addition to the invoice price.

Q. What were your instructions as to how the merchandise was to be appraised? A. To include all the items that would represent a constructed value on that Section 402.

Q. How was this to be done? A. By arriving at a figure in addition to the invoice value that would represent the full constructed value of the merchandise.

Q. What amounts were to be added to the invoiced value? A. An amount equal to certification mark fees, royalty fees or license fees.

Q. What were the total of these fees, Mr. Sweeney? A. Thirty-six cents.

Q. How much for the royalty fee? A. I believe the royalty fee was twenty-four cents.

Q. The certification fee? A. Twelve cents.

Still later in his deposition, Mr. Sweeney testified:

Q. In counsel's amended answer to the plaintiff's amended complaint in the instant case, on the No. 13, it is stated, "Defendant contends that certain factual and legal developments make the issues different from the case cited in paragraph 13 of the complaint," which is the prior test case, and I ask you, are you aware of any factual differences between the test

case and the present case? A. No, I am not aware of any.

And finally on the motion herein plaintiff sets forth as exhibit A the affidavit of Robert Kasday, dated April 13, 1972, former import specialist assigned to JFK Airport, Queens County, relative to the entry at bar. Kasday's affidavit states in part:

> That my examination of the papers shows my initials under date of April 6, 1965 on the Summary Sheet and on the commercial invoice of H & H Kalbskopf. The commercial invoice also shows that the merchandise was entered at 62¢ per yard FOB and that I appraised the merchandise at US $0.98 per yard net packed;

> That it is my recollection that our office at JFK Airport was in close contact with the New York office of Import Specialist Thomas Sweeney in connection with the appraisement of this merchandise and it is my further recollection that 36¢ was added to the entered value of 62¢ to cover a royalty fee of 24¢ and a certification fee of 12¢ pursuant to instructions received from Mr. Sweeney for the advisory appraisement of this merchandise.

■ It is clear from the foregoing evidence introduced on the motion by plaintiff, to which there is no rejoinder in the cross-moving papers, that the issues in this action are the same as those adjudicated in R.D. 11695. And on the strength of this evidence, coupled with the pleading admissions hereinbefore referred to, plaintiff contends, among other things, that it is entitled to a summary judgment in its favor under the doctrine of collateral estoppel. Defendant responds to this contention in the cross-moving papers by asserting that there has been an intervening change in the law since the court's decision in R.D. 11695 that requires a different result in the instant case. In this connection defendant points out that the decision in R.D. 11695 was predicated upon an application of the separability doctrine as announced in United States v. Bud Berman Sportswear, Inc., 55 CCPA 28, C.A.D. 929 (1967), and United States v. Chadwick-Miller Importers, Inc., et al., 54 CCPA 93, C.A.D. 914 (1967), which has been significantly restated by the court of appeals with respect to export value, since the decision in R.D. 11695 in United States v. Pan American Import Corp. et al., 57 CCPA 134, C.A.D. 993 (1970). The restatement is not in such manner as affects the applicability of the doctrine of separability to the facts in this case which involves constructed value. Since it has been established that 36 cents was added to the invoice unit price to cover patent royalty and trademark certification payments, which were not made to the manufacturer or the importer and these amounts were not allocated to any particular element of constructed value and there was no breakdown of the invoice value of 62 cents, the appraisement is separable. The importer's challenge to the 36 cents is valid and he may presume the correctness of the 62 cents and rely on it as the appraised value. Also, the defendant concedes by way of its answer in paragraph 12 that the instant merchandise and the parties are the *same* as that the subject of the previous adjudication, electing here only to litigate the question as to the identity of issue between the two cases. Defendant's pleading admission is conclusive, barring any inquiry upon the facts admitted. And the effect of this admission is to represent to the court that the state of facts or cause of action now before it has been the subject of previous adjudication in this court.

■■ This being the posture of the instant case, it follows that plaintiff's motion must be granted and defendant's cross-motion denied under the doctrine of estoppel. For it requires no lengthy citation of authority for this court to

reach the conclusion that a state of facts or cause of action that has been reduced to a final judgment in a court of competent jurisdiction may not again be the subject of a new litigation in the same court. And this, even though the earlier adjudication may have been founded upon an erroneous view or application of the law. United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262 (1924); Hadge v. Second Federal Savings and Loan Ass'n of Boston, 409 F.2d 1254, 1256 (C.A. 1, 1969). Accord: See Judge Maletz' comprehensive discussion of the use of collateral estoppel in reappraisement cases in J. E. Bernard & Co., Inc. v. United States, 66 Cust.Ct. 545, R.D. 11739, 324 F.Supp. 496 (1971), and Kennedy v. Mendoza-Martinez, 372 U.S. 144, 157, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

Plaintiff's motion for summary judgment is granted, and defendant's cross-motion for summary judgment is denied. Judgment will be entered herein accordingly.

## ORDER

Upon reading and filing plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment, and upon all other papers and proceedings had herein, it is hereby

Ordered, that defendant's cross-motion for summary judgment be, and the same hereby is, denied, and it is further

Ordered, that plaintiff's motion for summary judgment be, and the same hereby is, granted, and it is

Adjudged and decreed that constructed value as that value is defined in 19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the value of the merchandise involved in this action, and that such value is U.S. $0.62 per yard, net packed.