The **UNITED STATES**, Appellant,

v.

**VICKI ENTERPRISES, INC.**, Appellee.

**Customs Appeal No. 5516.**

United States Court of Customs and Patent Appeals.

June 13, 1974.

Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Velta A. Melnbrencis, New York City, for the United States.

William R. Shapiro, Barnes, Richardson & Colburn, New York City, attorney of record, for appellee. David O. Elliott, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This appeal is from the decision and judgment of the Second Division of the Customs Court, Appellate Term which appears at 68 Cust.Ct. 324, A.R.D. 302, 343 F.Supp. 1381 (1972) and affirms the judgment of a single judge sitting in reappraisement, 67 Cust.Ct. 480, R.D. 11750 (1971). The imported merchandise is field glasses.

Both courts below sustained the importer's appeal and held that the 26 consolidated appeals for reappraisement involved separable appraisements and that the disputed inland charges and buying commission charges were non-dutiable.

After a thorough consideration of appellant's arguments, we have concluded that we are in full agreement with the opinion of the Appellate Term, and we adopt it as our own. The judgment is affirmed.

Affirmed.

MILLER, Judge (dissenting).

I am not in agreement with the Customs Court in its determination that appellee carried its burden of proof that merchandise such as or similar to that imported was in fact "freely" sold or offered for sale to all purchasers on an ex-factory basis. The evidence does indeed show that the merchandise in question was sold on an ex-factory basis to appellee. However, the evidence also shows that appellee bargained for its prices, and this is inconsistent with the statutory requirement (19 U.S.C. § 1401a(b))[1] that the merchandise be "freely" sold or offered for sale for purposes of export value. United States v.

1. 19 U.S.C. § 1401a(b) provides:
   For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in

the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States . . . .

Mexican Products Co., 28 CCPA 80, C. A.D. 129 (1940). As the Trial Term of the Customs Court pointed out, both parties are in agreement that export value is the proper basis of appraisement.

The Customs Court sought to distinguish *Mexican Products* on the basis that it did not involve a separable appraisement, but this misses the principle of the case that a bargained-for price does not meet the statutory "freely" sold or offered for sale requirement. F. B. Vandergrift & Co., Inc. v. United States, 410 F.2d 1259, 56 CCPA 105, C.A.D. 962 (1969). Moreover, contrary to what the Appellate Term seems to imply, the fact that there is a separable appraisement does not automatically entitle an importer to the separability rule and the presumption that the invoiced unit ex-factory prices are correct. Appellee still has the burden of proving that the merchandise was "freely" sold or offered (not bargained for) to all purchasers, including itself. Ontario Stone Corp. v. United States, 65 Cust.Ct. 753, R.D. 11727, 319 F.Supp. 923 (1970). United States v. Pan American Import Corp., 428 F.2d 848, 57 CCPA 134, C.A.D. 993 (1970) well states the separability rule, and it should be noted that this court reversed the Appellate Term of the Customs Court there because it had not considered the importer's evidence in light of the applicable burden of proof, namely: that the involved merchandise was "freely" sold or offered for sale (and not bargained for) to all purchasers on an ex-factory basis. The court carefully pointed out that such burden had been sustained by the importer in United States v. Chadwick-Miller Importers, Inc., 54 CCPA 93, C.A.D. 914 (1967).

Although appellee appears to have carried its burden of proving that the export value established by the appraiser incorrectly included the invoiced amounts for buying commissions and inland charges, it is a fundamental principle of law in reappraisement cases that the importer must also satisfy its burden of proving that the claimed value is correct. United States v. Getz Bros. & Co., 55 CCPA 11, C.A.D. 927 (1967); Minkep of California, Inc. v. United States, 55 CCPA 1, C.A.D. 926 (1967). Failure of proof with respect to either issue operates to leave the appraisement in full force and effect. Millmaster International, Inc. v. United States, 57 CCPA 108, C.A.D. 987, 427 F.2d 811 (1970); Kobe Import Co. v. United States, 42 CCPA 194, C.A.D. 593 (1955).

The decision and judgment of the Customs Court should be reversed.