505 F. 2d 713

THE UNITED STATES v. H. M. YOUNG ASSOCIATES, INC.

(No. 5532, C.A.D. 1138)

United States Court of Customs and Patent Appeals,

November 21, 1974*

Carla A. Hills, Assistant Attorney General, Andrew P. Vance, Chief, Customs Section, Bernard J. Babb for the United States.

Lawrence J. West (Rode & Qualey) attorneys of record, for appellant. Ellsworth F. Qualey, of counsel.

[Oral argument October 2, 1974 by Bernard J. Babb for appellant and by Ellsworth F. Qualey for appellee]

Before MARKEY, Chief Judge. RICH, BALDWIN, LANE and MILLER, Associate Judges

MARKEY, Chief Judge.

The United States appeals from the judgment [1] of the Customs Court which granted appellee's motion for summary judgment and denied appellant's cross-motion for summary judgment, 69 Cust. Ct. 155, C.D. 4388, 349 F. Supp. 1007 (1972). We affirm.

The imported merchandise consists of elastic fabric, described as "COTTON TISSUES (Waistband-Elastic)." The importer, H. M. Young Associates, Inc., of New York, purchased the subject merchandise from the manufacturer, HCH Kalbskopf of West Germany, in 1965 at an invoiced price of 62 cents per yard F.O.B., and the merchandise was so entered. It was resold to Jaymar-Ruby, Inc., which used the fabric in the manufacture of trousers. Jaymar-Ruby, Inc., paid patent royalty and trademark certification fees to extraneous parties who were neither importers nor manufacturers. Appraisement was made under constructed value by adding to the invoiced price of 62 cents per yard the sum of 36 cents, representing patent royalty and trademark fees of 24 cents and 12 cents, respectively. The parties agree that constructed value is the proper basis for appraisal. The merchandise, the parties, and the facts are the same as those involved in H. M. Young Associates, Inc. v. United States, 64 Cust. Ct. 642, R.D. 11695 (1970), wherein the Customs Court held that the fees paid by Jaymar-Ruby, Inc., were not part of constructed value and that the importer was entitled, under the separability rule, to rely on the presumption of correctness attaching to the remainder of the appraisement.

Noting the identity of the basis of appraisement, the merchandise, the parties, and the issues herein with those in H. M. Young Associates, supra, the Customs Court cited the doctrine of collateral estoppel as

---

*Petition for Rehearing denied February 20, 1975.

[1] The briefs incorrectly describe the appeal as being from the "decision and judgment." 28 USC 2601 was amended in 1970 to substitute "judgment or order" for "decision."

requiring the same result here. The court rejected appellant's contention that an intervening change in the law respecting the application of the separability doctrine to constructed value had occurred.

Because neither party has raised the question of whether collateral estoppel may apply in reappraisement cases, we need consider only whether the Customs Court was justified in its application of collateral estoppel in this particular action.

The doctrine of collateral estopppel rests on the public policy of precluding repetitious lawsuits. Three questions must be answered affirmatively to find appellant collaterally estopped herein by the final judgment in *H. M. Young Associates*, supra: (1) Were the issues decided in the prior action identical with those presented in the instant action? (2) Was there a final judgment on the merits in the prior action? (3) Was the party against whom the plea is asserted a party, or in privity with a party, to the prior action? *Commissioner* v. *Sunnen*, 333 U.S. 591 (1948).

That the answer to questions (2) and (3) is clearly "yes" is not disputed. Appellant argues that the answer to question (1) must be "no."

Appellant maintains that our treatment of the separability rule in *United States* v. *Pan American Import Corp.*, 57 CCPA 134, C.A.D. 993, 428 F. 2d 848 (1970), introduced an intervening change in the law which raises an issue not litigated in *H. M. Young Associates*, supra. That issue is whether the importer proved that the undisputed portion of the appraisement represented all the elements of constructed value.

We agree that the issues in this case are identical to those litigated in *H. M. Young Associates*, supra, and with the view of the trial judge that our opinion in *Pan American* did not require a contrary result. We, therefore, affirm the judgment of the Customs Court. However, we are compelled by the trial judge's one-sentence dismissal of *Pan American* and by the vigorous nature of appellant's attack on application of the rule of separability, to say more.

The trial judge distinguished *Pan American* on the ground that it involved *export value*, whereas the present case involves *constructed value*. Though we join his apparent distaste for a tendency to confuse differing segments of the statute, we note that *H. M. Young Associates*, supra, on which the trial judge based his application of collateral estoppel, rested on two cases[2] involving export value.

---

[2] *United States* v. *Bud Berman Sportswear, Inc.*, 55 CCPA 28, C.A.D. 929 (1967); *United States* v. *Chadwick-Miller Importers, Inc.*, 54 CCPA 93, C.A.D. 914 (1967).

Appellant makes no candid frontal attack on the separability rule itself. Nonetheless, appellant's position herein, if sustained, would result in emasculation of that rule.

As we said in *Pan American*, the phrases "separable appraisement" and "separability rule" were succinctly explained in *United States* v. *Supreme Merchandise Co.*, 48 Cust. Ct. 714, A.R.D. 145 (1962), as follows:

> If ex-factory prices and other charges are separately stated on the invoices and the appraiser's finding of value is expressed in terms of the invoice unit prices, plus the questioned charges, the appraisement is deemed to be separable. *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71 [1957]; *United States* v. *Gitkin Co.*, * * *; *Valley Knitting Co., Inc., et al.* v. *United States*, 44 Cust. Ct. 599, Reap. Dec. 9627 [1960]. Under the rule expressed in *United States* v. *Fritzsche Bros., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371 [1947], a party to a reappraisement proceeding may challenge one or more of the elements entering into an appraisement, while relying upon the presumption of correctness of the appraiser's return as to all other elements, whenever the challenged items do not disturb the effect of the remainder of the appraisement. Such is the case in the instance of an appraisement at ex-factory-plus-charges value, and the charges may be disputed without the necessity of proof that the ex-factory prices comply with the statutory definition of export value. *United States* v. *Dan Brechner et al., supra.*

The separability rule is a salutary one. In *United States* v. *Bud Berman Sportswear, Inc.*, 55 CCPA 28, C.A.D. 929 (1967), we described it as a "framework of convenience for the analysis of disputed appraisements." While clearly productive of procedural convenience, the rule is also rooted in fairness. In every case of disputed appraisement the importer confronts, and the government enjoys, a presumption of correctness attaching to the appraiser's valuation and all items therein. Sec. 501, Tariff Act of 1930, 28 USC 2635. ▆ When the appraisement is separable and the importer challenges less than all of its separate items, it would not only be wasteful of judicial time to require the importer to prove the correctness of presumptively correct and unchallenged items, it would be unfair and incongruous. Absent the separability rule, the courts, the government, and importers would all undergo an anomalous process in which plaintiff would undertake to prove the correctness of unchallenged actions of defendant, while defendant, presumably, would abandon the presumption of correctness and attempt to prove its own unchallenged actions incorrect. To require an importer facing a separable appraisement to "challenge all or challenge nothing" seems manifestly unfair, not only to the importer, but also to the courts and to the society, which must be taxed to pay for a portion of every litigious process in which the government participates. In this sense, the separability rule, like the doctrine of collateral estoppel and other procedural rules, is grounded in public

policy. Collateral estoppel reduces the number of lawsuits. Separability reduces the length and complexity of reappraisement cases.

Yet the effective destruction of the separability rule is sought herein by appellant. Its brief contains the following:

It seems to us that C.A.D. 993 [Pan American] requires that where constructed value is involved and one seeks to avail himself of the presumptions inherent in the doctrine of separability, it is not enough to show that that portion of the appraisement in dispute is not a part of the value, but the party relying upon the undisputed portion must go further and *prove that all of the elements of constructed value * * * are included* in the amount which is "not in dispute" before there is a presumption that that amount is the correct constructed value. [Emphasis added.]

And again:

As the importer in *Pan-American, supra,* was required to show that the elements of export value were present with regard to the manner in which the exporter did business before the presumption arose that the ex-factory price represented export value, so also should the plaintiff in *H. M. Young, supra,* and herein have proved that the amount of the appraised value alleged *not to be* disputed represented *all* of the elements of constructed value before the Court granted it judgment. [Emphasis added.]

If the foregoing contentions of appellant were adopted, requiring a plaintiff to prove all elements of constructed value in every case, there would be no point or purpose to the separability rule. Appellant reads too much into our opinion in *Pan American.* We held in that case that an importer challenging only the addition of inland charges could rely on the presumption of correctness of the ex-factory *price* as the export value, thus recognizing the continuing viability of the separability rule. We did not hold, as argued by appellant, that the importer was required to prove "that *all* elements of export value have been met." (Emphasis added.)

In *Pan American,* we pointed out that in *Bud Berman,* supra, and *United States* v. *Chadwick-Miller Importers, Inc.,* 54 CCPA 93, C.A.D. 914 (1967), the plaintiffs had in fact established that the merchandise had been freely sold or offered to all purchasers at ex-factory prices. We found that the lower courts' reliance on those authorities, in defining plaintiff's burden as being met upon proof of ex-factory sale only to *it,* constituted error.

Our opinion in *Pan American* must be read in the light of the fact situation there present. Plaintiff had elected to challenge the correctness of the addition of inland charges. The *bona fides* of inland charges as such depends on whether such or similar merchandise is freely sold or offered to all at ex-factory prices. Part of plaintiff's burden *on that issue,* therefore, was to prove that such or similar merchandise was freely sold or offered to all on an ex-factory basis.

From what has been said, it is apparent that the opinion in *Pan American* applies to cases involving a challenge to the addition of inland charges to an ex-factory invoice price in an appraisement based on export value. Other "export value" cases may find the separability rule working to relieve the plaintiff from any requirement to prove that the merchandise was freely sold or offered to all at ex-factory prices. In one of the earliest cases applying the rule, *United States* v. *Fritzsche Bros.*, 35 CCPA 60, C.A.D. 371 (1947), wherein the addition to export value was occasioned by a reduction in weight of the merchandise, this court said:

Appellee challenged the item of 8.40108 per centum, and by uncontradicted evidence overcame the presumption of correctness attaching to that item. Because, however, the importer had challenged that item only and no other item of the appraisement, the presumption of correctness as to all those others is not destroyed, and, therefore, they stand as presumptively correct.

Thus, in *Fritzsche*, plaintiff was able to prove the incorrectness of the addition for reduced weight by showing that such reduction did not increase unit value but reduced it. The separability rule operated as intended, i.e., to limit the trial to the sole issue raised by the challenge to the appraisement. See also *United States* v. *Tide Water Oil Co.*, 19 CCPA 392, T.D. 45554 (1932).

In the prior litigation appellee accepted the presumption of correctness for one part of the value and successfully challenged the other. Appellant may not require appellee to meet this burden again under the facts presented in this case. Appellant has not shown that *Pan American* altered the separability rule or that its application in this case violates any public policy or works any injustice. To the contrary, we think it would work an injustice if the rule were not fully applied herein.

Summarizing, we hold that the trial court committed no error in granting appellee's motion for summary judgment and in denying appellant's cross-motion.