56 CCPA

## Application of Charles A. MATHEWS.
### Patent Appeal No. 8008.

United States Court of Customs
and Patent Appeals.
April 10, 1969.

Albert S. Richardson, Jr., Philadelphia, Pa., for appellant.

Joseph Schimmel, Washington, D. C. (Joseph Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

BALDWIN, Judge.

This appeal is from the Patent Office Board of Appeals decision affirming the examiner's rejection of claims 1–10, all of the claims in appellant's application,[1] "as anticipated by Dewey[2] under 35 USC 102(e)."

The issue here is whether a rejection under 35 U.S.C. § 102(e) may be overcome by a Rule 132[3] affidavit of the reference patentee averring that the relevant, unclaimed subject matter disclosed

---

1. Serial No. 263,450, filed March 7, 1963, for "Level Detector and Switch."

2. U. S. Patent 3,105,920, issued October 1, 1963, on application serial No. 138,476, filed September 15, 1961, for "Protective Device."

3. United States Patent Office Rules of Practice in Patent Cases state:

> 132. *Affidavits traversing grounds of rejection.* When any claim of an application is rejected on reference to a domestic patent which substantially

shows or describes but does not claim the invention, or on reference to a foreign patent, or to a printed publication, or to facts within the personal knowledge of an employee of the Office, or when rejected upon a mode or capability of operation attributed to a reference, or because the alleged invention is held to be inoperative or lacking in utility, or frivolous or injurious to public health or morals, affidavits traversing these references or objections may be received.

in his patent was not invented by the patentee but was first disclosed to him by the appellant, particularly in light of certain acknowledgments in the patent and in the instant application. Since the issue is essentially legal in nature, only so much of the technology of the instant invention and of the reference as is necessary to relate the facts will be discussed.

On September 15, 1961, Dewey filed an application describing and claiming a time delay "Protective Device" for an electric circuit. In discussing "gating means 19," *Dewey's original application completely described the invention now claimed by Mathews*, a co-worker of Dewey, and concluded that:

> Those skilled in the art will understand that this same function could be accomplished by means other than the particular gating means 19 which has been illustrated by way of example, and such particulars form no part of my invention.

Thus, Dewey's patent, which issued on the aforementioned application, contains a *full* disclosure of the invention now claimed by Mathews together with the above-quoted statement and reference to a switch actuation technique which "may also be used in lieu of the illustrated gating means 19 to perform the gating function."

On March 7, 1963, before Dewey's patent was issued but almost 18 months after Dewey had filed, Mathews filed the instant application describing and claiming a "Level Detector and Switch" which is used to control a switching transistor through which a load circuit may be connected to a power source. The application states that "[o]ne illustration of a circuit embody the present invention is shown in a copending patent application S.N. 138, 476-Dewey" and

that "[a] more specific embodiment of the load circuit 44 is disclosed in detail in the copending Dewey application." Mathews' application and the Dewey patent are both assigned to the General Electric Company.

Using the Dewey patent as a reference, the examiner rejected all of Mathews' claims under 35 U.S.C. § 102(e). In response thereto, and under the provisions of Rule 132, Mathews submitted Dewey's affidavit, the pertinent passages of which read:

> 7. That he [Dewey], being the patentee of the aforementioned patent, did not conceive, make, or invent the specific circuit referred to in paragraph 6 above [Mathews' invention as described in Dewey] and did not know of it prior to the disclosure referred to in paragraph 8 below;

> 8. That the applicant Charles A. Mathews disclosed the circuit referred to in paragraph 6 above which circuit is the subject matter of the subject application, to him while a protective device embodying the invention of the aforementioned patent was being developed;

> 9. That the circuit referred to in paragraph 6 was included in the specification of his patent to comply with the requirements of 35 U.S.C. 112, under the advice of General Electric Patent Attorneys;

> 10. That he did not, in his application which matured into Patent 3,105,-920, nor does he now claim the circuit referred to in paragraph 8 above;

> 11. That he expressly disclaimed being the inventor of that circuit (see column 3, lines 52–56 of the aforementioned patent); * * *.

Mathews has submitted no affidavit under Rule 131.[4]

4. United States Patent Office Rules of Practice in Patent Cases state:

    131. *Affidavit of prior invention to overcome cited patent or publication.*
    (a) When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing date of the application on which the domestic pat-

The statutory basis for the examiner's rejection reads:

§ 102. *Conditions for patentability; novelty and loss of right to patent*

A person shall be entitled to a patent unless—

\*    \*    \*    \*    \*

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, \* \* \*.

Section 102 sets forth enumerated criteria, each of which falls under one of the two specified "conditions for patentability," in the section title, namely, "novelty" and "loss of right." The legislative history and prior cases show that subsection (e) is directed to a criterion relating to the requirement for *novelty*. See In re Land, 368 F.2d 866, 54 CCPA 806 (1966). It necessarily follows that Dewey may not be relied upon to defeat Mathews' application since Dewey's disclosure, *in view of the facts established in the record,* is not inconsistent with the novelty of Mathews' claimed invention. That is, *on the record here,* Dewey derived his knowledge from Mathews who is "the original, first, and sole inventor."

The Congressional intent behind 35 U.S.C. 102(e) is clear as expressed in both the House and Senate reports[5] on the parallel bills which were enacted into the present law:

Paragraph (e) is new and enacts the rule of [Alexander] Milburn [Co.] v. Davis-Bournonville [Co.], 270 U.S. 390 [46 S.Ct. 324, 70 L.Ed. 651], by reason of which a United States patent disclosing an invention dates from the date of filing the application for the purpose of anticipating a *subsequent* inventor. [Emphasis added.]

That statement is in the "Revision Notes" forming part of the Appendix to the reports, and it follows a statement,[6] under the "General Description of the Bill," which reads:

Subsection (e) is another well-recognized condition imposed by a decision of the Supreme Court which was not expressed in the existing law [meaning "statute"]; for the purpose of anticipating *subsequent* inventors, a patent disclosing the subject matter speaks from the filing date of the application disclosing the subject matter. [Emphasis added.]

Thus, the origin of 35 U.S.C. § 102(e) is the 1926 Supreme Court decision in Alexander Milburn Co. v. Davis-Bournonville Co., supra, an infringement suit based on a patent to Whitford granted June 4, 1912, on an application filed March 4, 1911. The validity of the Whitford patent was attacked on the basis of a patent to Clifford granted February 6, 1912, on an application filed in the United States on January 31, 1911, which described but did not claim Whitford's invention. *After* noting that "[t]here was no evidence carrying Whitford's invention further back"[7] than his

---

ent issued, or before the date of the foreign patent, or before the date of the printed publication, then the patent or publication cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than one year prior to the date on which the application was filed in this country.

(b) The showing of facts shall be such, in character and weight, as to establish *reduction to practice* prior to the effective date of the reference, *or conception* of the invention prior to the effective date of the reference *coupled with due diligence* from said date *to a*

*subsequent reduction to practice* or to the filing of the application. Original exhibits of drawings or records, or photographic or photostatic copies thereof, must accompany and form part of the affidavit or their absence satisfactorily explained. [Emphasis added.]

5. H.R.Rep.No. 1923, 82d Cong., 2d Sess. 17 (1952); S.Rep.No. 1979, 82d Cong., 2d Sess. 17 (1952).

6. H.R.Rep.No. 1923, 82d Cong., 2d Sess. 6–7 (1952); S.Rep.No. 1979, 82d Cong., 2d Sess. 5–6 (1952).

7. 270 U.S. at 399, 46 S.Ct. at 324.

filing date, the Court held that the existence of Clifford's *earlier filed* United States application containing a disclosure of Whitford's invention *indicated* that *Whitford was not the first inventor*. That is the *Milburn* "rule" which Congress intended to codify in enacting 35 U.S.C. § 102(e).

 Consistent with the *Milburn* "rule," we agree that the Dewey patent "indicates" or is *prima facie* evidence that Mathews was not the first inventor. But here, unlike *Milburn*, there is further evidence, uncontroverted by the Patent Office, that Mathews was not only the *first* inventor but also the *only* inventor, *so far as the record shows*. Dewey's affidavit *and* Mathews' oath accompanying his application are sufficient, we feel, to prove that the relevant disclosure in Dewey was a disclosure of *Mathews'* invention. The Dewey disclosure relied on, being a disclosure of Mathews' own invention, does not establish lack of novelty of Mathews' claimed invention. Cf. In re Blout, 333 F.2d 928, 52 CCPA 751 (1964). As this court said in In re Land, supra, at 368 F.2d 879, 54 CCPA 824–825:

> When the 102(e) reference patentee got knowledge of the applicant's invention from him, as by being associated with him, * * * and *thereafter* describes it, he necessarily files the application *after* the applicant's invention date and the patent as a "reference" does not evidence that the invention, when made, was already known to others. [Footnote omitted.] Evidence of such a state of facts, whatever its form, must be considered. [Emphasis supplied.]

 The Patent Office's contention that appellant must comply with Rule 131 is not persuasive since we have already pointed out in *In re Land*, supra, that a Rule 131 affidavit is not the only way of antedating a reference. The solicitor has cited no precedent in support of his position that a reference patent may only be antedated by a Rule 131 affidavit, or even referred generally to the authorities previously cited by the examiner or board. So far as we have been advised, there is no such precedent to the effect that a Rule 131 affidavit is the *only* way to overcome a reference cited to evidence lack of novelty. We do not read Pierce v. Watson, 107 U.S.App.D.C. 226, 275 F.2d 890 (1960), relied on by the board, as requiring any other conclusion.

The decision of the board is reversed.

Reversed.

Judge Smith participated in the hearing of this case but died before a decision was reached.