59 CCPA

**Application of Benjamin WHITTLE.**

United States Court of Customs
and Patent Appeals.

Feb. 17, 1972.

Rehearing Denied March 23, 1972.

Austin A. Webb, Kalamazoo, Mich., attorney of record, for appellant; Munson Lane, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Fred E. McKelvey, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and RAO, Judge, United States Customs Court, sitting by designation.

RAO, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection under 35 U.S.C. § 103 of claims 1, 2 and 13 in appellant's application [1] entitled "Patch for Tires".

The invention relates to a laminated tire repair patch which is used to bridge large breaks or holes in flexible tire casings and is bonded peripherally at the edges of the break. It appears from the record that prior art patches of that general type tended to fail in use be-

1. Serial No. 479,136, filed August 12, 1965.

cause they gradually separated from the inner surface of the tire casing at the bonded edge (a condition termed "edge failure"). Appellant's solution to that problem is reflected in representative claim 1, read in conjunction with Fig. 3 of the specification:

*Fig. 3.*

1. A repair patch for tires comprising a plurality of plies of elastic material [8–13] bonded together into a generally flat body capable of being bonded to the casing [5] of the tire, at least part of said plies being larger than other plies and having portions located around the periphery of the

body projecting beyond an adjacent ply to which they are bonded, *at least the projecting portions of said plies having a modulus of elasticity that is less than the modulus of elasticity of the casing to which the patch is to be applied.* [Emphasis supplied.]

The italicized language means that the patch has what the parties have termed a "stretchy edge." Upon the tire hitting an obstacle, the "stretchy edge" provides sufficient flexibility that the edge portion of the patch will stretch or "give" *more* than the casing to which it is bonded, thus preventing tearing or sliding of the patch and another "blow-out" at original break 7 in the casing.

The board affirmed the examiner's rejections under § 103 of claims 1 and 2 as unpatentable over Claxton,[2] and of claim 13 as unpatentable over Barrett[3] in view of Claxton. Appellant does not seem to seriously contend that the subject matter of claims 1, 2 and 13 is not "obvious" in view of the references as that expression is used in § 103.[4] Rather, he has filed affidavits under Patent Office Rules 131 and 132,[5] with three

---

2. U.S. Patent No. 3,260,296, issued July 12, 1966 on an application filed July 13, 1964.

3. U.S. Patent No. 3,160,194, issued December 8, 1964.

4. Early in his brief, appellant "concedes that *if* the Claxton patent is properly part of the 'prior art' and properly cited against applicant, the rejection is sound," and also concedes that the description in Claxton "is a prima facie anticipation" of the claims. Later, however, in a section of the brief entitled "Claxton Structure Does Not Anticipate," he argues that Claxton "does not show any structure which actually provides a 'stretchy edge' patch."

We are at a loss to understand the significance of that argument in light of the earlier concession. Inasmuch as all of appellant's reasons of appeal are directed to the issue of the *availability*—not *sufficiency*—of Claxton as a reference, and one such "reason" acknowledges its sufficiency, we will not further treat any issue other than those related to the "availability" question. 35 U.S.C. § 144.

5. Rules 131 and 132 read in pertinent part:

131. Affidavit of prior invention to overcome cited patent or publication.
(a) When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, * * * and the applicant shall make oath to facts showing a completion of the invention in this country before the filing date of the application on which the domestic patent issued, * * * then the patent * * cited shall not bar the grant of a patent to the applicant, unless the date of such patent * * * be more than one year prior to the date on which the application was filed in this country.
(b) The showing of facts shall be such, in character and weight, as to establish reduction to practice prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference coupled with due diligence from said date to a subsequent reduction to practice or to the

accompanying exhibits, in an effort to render Claxton unavailable as evidence of *prior* art. Appellant did not argue below, nor does he here, that the affidavits and exhibits contain any evidence of a "reduction to practice" prior to the effective date of the Claxton reference. Rule 131(b). The board held the affidavit and exhibit evidence inadequate under Rule 131 to show either conception of the invention as claimed before the effective date of Claxton, or diligence toward a reduction to practice or filing of his application.

Here, appellant asserts error in the board's holding on the question of conception. He also argues that, under the particular circumstances of this case and under the broader provisions of Rule 132, he need not have shown diligence to have antedated Claxton. Appellant's position is that his evidence establishes that the description of the invention appearing in Claxton is no more than a recitation of that which appellant had previously invented and disclosed to Claxton; that that description has been *derived* from appellant who is the first and original inventor thereof; and thus Claxton is not evidence of an invention "described in a patent granted on an application for patent by another filed in the United States *before the invention thereof by the applicant for patent*" (Emphasis supplied) under 35 U.S.C. § 102(e). He relies on In re Land, 54 CCPA 806, 368 F.2d 866 (1966); In re Mathews, 56 CCPA 1033, 408 F.2d 1393, (1969); and In re Facius, 56 CCPA 1348, 408 F.2d 1396 (1969) in support of his position.

The above-cited cases contain much of relevance to the issue of availability of Claxton as evidence of prior art which need not be reiterated here. The issue obviously turns on what appellant's evidence shows as to *who* invented the subject matter disclosed by Claxton which was relied on to support the rejection. To that matter we now turn.

Appellant's evidence of conception is embodied in his affidavit of May 10, 1967, which reads in pertinent part:

2. That he invented the subject matter of the application long prior to July 13, 1964, the filing date of the Claxton patent, number 3,260,296;

6. That on or about November 14, 1963 he disclosed his concept of the construction and operation of the tire patch of his application to his attorney, * * *;

7. That in the course of his disclosure and discussion with said attorney various sketches were made by both himself and the attorney; and that the attached copies identified as Exhibits 1, 1A, and 1B are copies of the sketches made by himself or his attorney at that time;

Exhibits 1 and 1A are sketch sheets bearing a date of November 14, 1963, which contain drawings of various forms of tire patches. Exhibit 1 incorporates the following statement, heavily relied on by appellant:

In each form the flexibility of ends of strands is necessary at edge [of ?] ply where stretch is greatest and is desireable [sic: desirably ?] also provided at the edge of successive narrower or shorter plies.

Exhibit 1B, a further sketch sheet bearing a date of December 6, 1963 and "amplifying" the disclosure of November 14, contains the statement that "the stretch is enough to assure that the edge of the patch will stretch more than the tire." No question has been raised concerning the authenticity of the exhibits, particularly the date each bears.

---

filing of the application. Original exhibits of drawings or records, or photographic or photostatic copies thereof, must accompany and form part of the affidavit or their absence satisfactorily explained.

132. Affidavits traversing grounds of rejection. When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the invention, * * * affidavits traversing these references * * * may be received.

Appellant's evidence of derivation by Claxton is embodied in his affidavit as follows:

    3. That since before 1963 he has held a sales franchise in Michigan and surrounding States for the products of Tru-Flex Rubber Products Company, which company is listed as the assignee of the said Claxton patent;

    5. That he knows Sherry Springer Claxton personally, and her relationship as an executive officer of said Tru-Flex, and has conferred with her many times in connection with the nature of the products of said Tru-Flex, and problems relating to the sales and use of those products;

    8. That on or about December 5, 1963 he met with the said Sherry Claxton at Chicago O'Hare Airport and explained to her his concept of the construction of the tire patch now disclosed in his patent application, and explained to her how his patch would operate and how it would differ in action from the patches being manufactured by said Tru-Flex;

The solicitor points out that the record is devoid of evidence on Claxton's part—by acknowledgment in her patent specification, by affidavit, or otherwise —as to where the description in her patent which is relied on as evidence of prior art originated, and that Claxton has not affirmed or denied Whittle's averments concerning her derivation of the subject matter from him. He would distinguish *Facius, Mathews,* and *Land* for those reasons.

    Quite apart from that contention, it would appear incontrovertible that there can be no derivation of an invention or its description without possession of a conception of the critical features of that invention by the party alleging derivation prior to the time of the asserted derivation. Egnot v. Looker, 55 CCPA 782, 387 F.2d 680 (1967); Driggs v. Clark, 31 CCPA 856, 140 F.2d

994 (1944); and O'Donnell v. Hartt, 22 CCPA 958, 75 F.2d 195 (1935). Has appellant shown he possessed such a conception on or before December 5, 1963, the asserted date of derivation by Claxton? In our opinion, clearly he has not. Whatever its worth in other contexts, Exhibit 1B, dated December 6, 1963, avails appellant nothing in the present circumstances, for it is subsequent to appellant's conference with Claxton.[6] The heretofore quoted statement in Exhibit 1 relating to the flexibility of the edge of the ply is also of little help to appellant's cause. While that statement does show appellant's possession of a conception that a certain unspecified amount of flexibility at the edges of the patch was desirable, it obviously does not indicate that the flexibility or stretch characteristics of the edge must be *greater* than the flexibility or stretch of the tire casing (or, in terms of claim 1, "the projecting portions of said plies having a modulus of elasticity that is less than the modulus of elasticity of the casing").

Appellant's affidavit itself is also inadequate to show that he possessed the requisite conception before his meeting with Claxton. For that matter, it also is inadequate to establish precisely what he discussed with Claxton at their December 5, 1963 meeting. While appellant avers that he then explained to Claxton the concept of the patch "now disclosed in his patent application," there is nothing indicating that he necessarily told Claxton that the edge of the patch must be more flexible, or stretch more, than the tire casing. We would observe that the present application discloses throughout that "the projecting portions of the larger plies of the patches are *at least* as flexible and preferably more flexible than the casing of the tires". (Emphasis supplied), making it clear that appellant had conception of patches other than those claimed.

---

6. We again note that appellant has not questioned the *accuracy* of the board's finding of lack of diligence, and concomit-
ant lack of compliance with Patent Office Rule 131.

In short, it is not apparent from appellant's affidavit and exhibits that he was in possession of a conception of the invention defined by the claims at the time of the asserted disclosure to Claxton. Appellant has not established to our satisfaction that the relevant disclosure of Claxton is only a description of appellant's herein-claimed invention, as opposed to a description of the invention of someone else. Thus, the Claxton reference remains as prima facie evidence under § 102(e) that someone other than appellant was the first inventor of the claimed subject matter.

The decision of the board is affirmed.

Affirmed.