**Application of John F. WAYMOUTH and Frederic Koury.**
**Patent Appeal No. 8991.**

United States Court of Customs and Patent Appeals.
. Jan. 24, 1974.

James Theodosopoulos, Danvers, Mass. (GTE Sylvania Incorporated), attorney of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. William H. Beha, Jr., Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, JJ.

ON PETITION FOR REHEARING

PER CURIAM.

The Patent Office petitions for a rehearing of the above appeal, rearguing the issue of the minimum temperature of 580° C. limitation, suggesting a substitute for the penultimate paragraph in our opinion handed down November 8, 1973, 486 F.2d 1058, and requesting that the remand be vacated and that we review the merits of the new rejection held by us to have been made by the board.

Appellants oppose the petition insofar as any change is sought in our ruling with respect to the 580° C. minimum temperature limitation, enter no objection to the suggested substitute paragraph, waive their right to the "full opportunity to respond to the new rejection" in accordance with our remand, and join the Patent Office in requesting that we rule on the merits of the new rejection, but without scheduling a rehearing.

The petition is granted to the extent that we review the merits of said new rejection, reconsider our opinion and decision, and modify them as follows:

1. The penultimate paragraph of our opinion is modified by striking the period at the end thereof and inserting: "for purposes of interference."

2. The remand is vacated.

3. The decision of the board that the limitation "sodium iodide . . . present in amount of at least 0.17 mg./cc. of said arc tube volume" constitutes new matter for purposes of 35 U.S. C. § 132, requiring rejection of claims 18 through 21, is affirmed. As pointed out by the board, appellants' specification, unlike Edris, does not disclose the volume of the discharge lamp or any basis for determining the volume; and the Koury affidavit does not overcome this

deficiency because its conclusion is unaccompanied by the facts needed to support it. Appellants' waiver precludes consideration of further showing or amendment which might have been made under Rule 196(b). However, we point out that the fact that both parties have joined in requesting the court to rule on the merits of a new rejection does not preclude the court from remanding a case for further proceedings before the Patent Office when the court deems the circumstances appropriate.